UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:10-CV-00074-R

DONNIE MCKINNEY and
MARCIA MCKINNEY                                              PLAINTIFFS

v.

BRIAN LAIRD, police sergeant City of Paducah,
CITY OF PADUCAH, and
JOHN DOES 1-20                                               DEFENDANTS

## MEMORANDUM OPINION & ORDER

This matter is before the Court upon Defendants' Motion to Strike Plaintiffs' First Amended Complaint (DN 12). Plaintiffs' have since filed a Motion for Leave to File an Amended Complaint (DN 13), to which Defendants have responded (DN 14). For the following reasons, Plaintiffs' Motion for Leave is GRANTED. The Court will allow Plaintiffs an opportunity to respond to Defendants' motion to strike before addressing the concerns raised within it.

## BACKGROUND

Plaintiffs Donnie and Marcia McKinney allege that on November 19, 2009, the Paducah Police Department ("PPD") violated a number of their statutory and constitutional rights in a forced search of their home. On April 20, 2010, Plaintiffs filed a complaint citing causes of action under 42 U.S.C. §§ 1983, 1985. In it, Plaintiffs brought suit against Defendant Brian Laird, the City of Paducah, and John Does 1-20, who represented the police officers involved in the raid but whose identities were still unknown to Plaintiffs. The Court subsequently set out a scheduling order with a deadline of January 3, 2011, for the parties to amend their pleadings.

DN 8.

On January 3, 2011, absent a motion petitioning this Court for leave, Plaintiffs filed their First Amended Complaint. In it, Plaintiffs substituted the John Does for seventeen named officers of the PPD. DN 11. Defendants then moved to strike this pleading on the basis that Plaintiffs had not moved for leave to file an amended complaint. DN 12. In response, Plaintiffs sumbitted their Motion to File an Amended Complaint, urging the Court that the tardy filing had occurred since the identities of the specific officers were only recently discovered. DN 13 at 1. Finally, Defendants provided a reply arguing that Plaintiffs' claims under § 1983 and § 1985 are subject to a one-year statute of limitations, and therefore the Amended Complaint should have been filed by November 19, 2000. DN 14 at 1.

## STANDARD AND DISCUSSION

Federal Rule of Civil Procedure 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The rule directs that the "court should freely give leave when justice so requires." *Id*. This rule gives effect to the principle that, as far as possible, cases should be determined on their merits and not on technicalities. *Cooper v. Am. Emp'rs' Ins. Co.*, 296 F.2d 303, 306 (6th Cir. 1961). "In the absence of any apparent or declared reason - such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. - the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see Roskam Baking Co. v. Lanham Mach. Co.*, 288 F.3d 895, 906 (6th Cir. 2002).

Defendants assert that Plaintiffs' Amended Complaint should be rejected because it is barred by the statute of limitations. The relevant inquiry for the instant matter is whether a pleading may be amended under Rule 15 to add parties even though the statute of limitations has allegedly lapsed on the underlying claim.[1] In reviewing the record, the Court recognizes that previous precedent counsels that where a complaint is not appropriately amended within the appropriate statute of limitations, Rule 15 bars any changes that might seek to add or change the parties implicated within it. *See Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996); *Hall v. Warren County Reg'l Jail*, No. 1:09-CV-00098, 2010 WL 231740, at *1-2 (W.D. Ky. Jan. 14, 2010). Effectively, the rule works to dismiss parties who were not timely added to the complaint. *Hall*, 2010 WL 231740, at *1-2. Notwithstanding these decisions, the Court is reluctant to travel such a path without first permitting Plaintiffs the opportunity to set forth their arguments against such action.

Subsection (c) of Rule 15 states that an amendment to a pleading relates back to the original time of filing when:

> (A) the law that provides the applicable statute of limitations allows relation back;
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
> > (i) received such notice of the action that it will not be prejudiced in

---

[1] Section 413.140 of Kentucky's code imposes a one-year statute of limitation on a variety of state-law causes of action, including personal injury and conspiracy. KRS § 413.140(1)(a)-(c). The Sixth Circuit has held that actions under § 1983 are accorded the same limitations period, and therefore must also be filed within one year pursuant to § 413.140(1)(a). *Bonner v. Perry*, 564 F.3d 424, 430-31 (6th Cir. 2009).

> defending on the merits; and
> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1)(A)-(C). Subsections (A) and (B) are inapplicable to the instant case. Distilled down to its basic requirements, subsection (C) first requires that Subsection (B) is satisfied. Here, Plaintiffs' claims satisfy (B) because the Amended Complaint does indeed "assert[] a claim . . . that arose out of the conduct, transaction, or occurrence set out . . . in the original pleading." *Id*. § 15(c)(1)(B). The more difficult inquiry for Plaintiffs however is whether the PPD officers possessed the requisite knowledge of the lawsuit to meet the final two hurdles in subsections (i) and (ii). For this, Plaintiffs must demonstrate both that the individual officers of the PPD received notice of the action within 120 days of the filing of the initial complaint, and that within the same time period they knew or should have known that they had not been included in the litigation but for a mistake on Plaintiffs' account "concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C)(i)-(ii).

Rather than blindly investigate the record for these requirements and out of an abundance of caution, the Court will give the Plaintiffs an opportunity to brief the issues. Plaintiffs will have two weeks from the issuance of this order explain why Defendants' motion to strike is improper. Specifically, the briefs should address the above-referenced sections of Rule 15. Defendants will be permitted two weeks to file a corresponding reply.

## CONCLUSION

For the forgoing reasons, IT IS HEREBY ORDERED THAT Plaintiffs' Motion for Leave to File an Amended Complaint (DN 13) is GRANTED. However, this ruling may be revisited by Defendants' Motion to Strike Plaintiffs' First Amended Complaint (DN 12).

Plaintiffs shall be permitted to file a response to this motion within two weeks of this order outlining why the amended complaint is not impacted by the statute of limitations and Rule 15(c)'s relation back provisions.  Defendants may file a reply within two weeks of Plaintiffs' response.  The Court will then address the motion to strike.