UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:10-CV-00074-R

DONNIE MCKINNEY and
MARCIA MCKINNEY                                         PLAINTIFFS

v.

BRIAN LAIRD, et al.                                     DEFENDANTS

## MEMORANDUM OPINION & ORDER

This matter is before the Court upon Defendants' Motion to Strike Plaintiffs' First Amended Complaint (DN 12). Plaintiffs have responded (DN 21) and Defendants have replied (DN 24). This matter is now ripe for adjudication. For the following reasons, Defendants' motion is GRANTED.

## BACKGROUND

The relevant facts are as follows. In early November 2009, an arrest warrant was sworn out for Dustin McKinney, the adopted son of Plaintiffs Donnie and Marcia McKinney, for the double murder of a couple in Dawson Springs, Kentucky. On November 19, 2009, members of the SWAT team from the Paducah Police Department ("PPD"), effectuated a search warrant on Plaintiffs' residence, believing that Dustin McKinney might be hiding there. Plaintiffs allege that during the entry and subsequent search of the residence, the officers were aggressive, hostile, and employed unnecessary force in restraining them. Dustin McKinney was arrested days later well away from Plaintiffs' residence.

On December 10, 2009, Plaintiffs' attorney sent an open records request pursuant to KRS § 15.520 to the city of Paducah ("City") seeking information on the raid and indicating that

1

adverse legal action may be taken against the PPD and the City. In response to this correspondence, the PPD conducted an internal investigation of the search, which was finalized on December 22, 2009 ("Investigation"). DN 14-1 at 13-22. On December 28, 2009, the City's legal counsel responded to Plaintiffs counsel's letter, providing copies of the personnel complaint report, the affidavit for the search warrant, the search warrant itself, the Investigation's report, as well as photographic and video evidence produced during the search. *Id*. at 1. Included within these materials were the identities of the PPD officers who had taken part in the raid on Plaintiffs' residence. *Id*. at 9, 13, 14-22.

On April 20, 2010, Plaintiffs filed a complaint citing causes of action under 42 U.S.C. §§ 1983, 1985. In it, Plaintiffs brought suit against Defendant Brian Laird, the City, and John Does 1-20, who represented the police officers involved in the search but whose identities were still unknown to Plaintiffs.[1] Three days later, the *Paducah Sun* ran a story about the litigation, indicating that the Plaintiffs had filed the action against "unknown [PPD officers] in connection with the search of their home." DN 21-1 at 1.

The Court subsequently set out a scheduling order with a deadline of January 3, 2011, for the parties to amend their pleadings. DN 8. On July 28, 2010, Defendants' filed their Rule 26 disclosures; included within were the names of the PPD officers who participated in the search. DN 21 at 3. On October 18, 2010, Defendants answered and returned interrogatories that had been propounded upon them by Plaintiffs. DN 14-2. In response to the first query, Defendants again listed the names of the PPD officers who were involved in the search of Plaintiffs'

---

[1] Defendant Brian Laird is a sergeant with the PPD and the affiant for the search warrant. DN 14-1 at 3-5.

residence. *Id*. at 1-2.

On January 3, 2011, absent a motion petitioning this Court for leave, Plaintiffs filed their First Amended Complaint. In it, Plaintiffs substituted the John Does for seventeen named officers of the PPD ("PPD Defendants"). DN 11. Defendants then moved to strike this pleading on the basis that Plaintiffs had not moved for leave to file an amended complaint. DN 12. In response, Plaintiffs submitted their motion to file an amended complaint, urging the Court that the tardy filing had occurred since the identities of the specific officers were only recently discovered. DN 13 at 1. The Court issued its ruling on April 14, 2011. DN 17. Rather than rule simultaneously on the motions, the Court granted Plaintiffs' motion to file their amended complaint and instructed the parties to file responses to Defendants' motion to strike. *Id*. at 4-5. The Court indicated that the parties should focus on Federal Rule of Civil Procedure 15 and whether its provisions barred the amended complaint. *Id*. The instant matter has followed.

## DISCUSSION

Defendants assert that Plaintiffs' amended complaint should be rejected because it is barred by the statute of limitations. KRS § 413.140(a)-(c) imposes a one-year statute of limitation on a variety of state-law causes of action, including personal injury and conspiracy. The Sixth Circuit has held that actions under section 1983 are accorded the same limitations period, and therefore must also be filed within one year pursuant to section 413.140(1)(a). *Bonner v. Perry*, 564 F.3d 424, 430-31 (6th Cir. 2009). While the length of the statute of limitations is determined under Kentucky law, deciding when the proverbial clock begins to tick on a plaintiff's claim is governed under federal law. *See Roberson v. Tenn.*, 399 F.3d 792, 794 (6th Cir. 2005). Violations under sections 1983 and 1985 accrue "when the plaintiff knows or

3

has reason to know of the injury which is the basis of his action. A plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence." *Id.* (quoting *Sevier v. Turner*, 742 F.2d 262, 273 (6th Cir. 1984)). Put another way, in determining which date initiates the limitations period, a Court must "inquir[e] as 'to what event should have alerted the typical lay person to protect his or her rights.'" *Id.* (quoting *Hughes v. Vanderbilt Univ.*, 215 F.3d 543, 548 (6th Cir. 2000)).

Using these guidelines, the Court can easily pinpoint November 19, 2009, as the starting date for the Plaintiffs' claims; thus, they had until November 19, 2010, to bring action against Defendants, which they accomplished on April 20 of that year. However Plaintiffs' amended complaint was not filed until January 3, 2011. The relevant inquiry thus becomes whether a pleading may be amended under Rule 15 to add parties even though the statute of limitations has lapsed on the underlying claim.

Subsection (c) of Rule 15 states that an amendment to a pleading relates back to the original time of filing when:

> (A) the law that provides the applicable statute of limitations allows relation back;
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1)(A)-(C). Subsections (A) and (B) are inapplicable. Distilled down to its basic requirements, subsection (C) first requires that Subsection (B) is satisfied. Here, Plaintiffs'

4

claims satisfy (B) because the amended complaint does indeed "assert[] a claim . . . that arose out of the conduct, transaction, or occurrence set out . . . in the original pleading." *Id*. § 15(c)(1)(B). As such, Plaintiffs must show that the newly named PPD Defendants possessed the requisite knowledge of the lawsuit to meet the final two hurdles in subsections (i) and (ii): that the individual officers of the PPD received notice of the action within 120 days of the filing of the initial complaint, and that within the same time period they knew or should have known that they had not been included in the litigation but for a mistake on Plaintiffs' account "concerning the proper party's identity." *Id*. § (c)(1)(C)(i)-(ii).

In their reply to this motion, Defendants concede that the PPD Defendants had "at least constructive notice of these proceedings, and that Plaintiffs have met their burden under [subsection (i)]." DN 24 at 3. They are correct to do so. Actual notice is unnecessary to satisfy Rule 15(c)'s requirements; if a party received constructive notice of the litigation within 120 days of the filing of the initial complaint, then he or she may be added as a defendant. *Berndt v. State of Tenn.*, 796 F.2d 879, 884 (6th Cir. 1986). This requirement "is fulfilled if the defendant is aware that the action was commenced and had reason to expect his potential involvement in the action." *Fields v. Blake*, 349 F. Supp. 2d 910, 918 (E.D. Pa. 2004). In reviewing the facts, the Court believes that such notice was available to the PPD Defendants. These individuals should have been aware of the litigation or its possibility given the news coverage in the *Paducah Sun*, the questions that many answered during the course of the Investigation, and the Rule 26 disclosures on July 28, 2010.

Defendants make their stand with subsection (c)(1)(C)(ii) of Rule 15. They make clear that although the PPD Defendants may have had constructive notice of the lawsuit's initiation

within 120 days of the filing of the original complaint, there was no indication that they knew or should have known that Plaintiffs did not include them as parties by mistake or error. Plaintiffs' motion seems to omit this provision from its analysis.

Attempting to resolve inter-circuit disputes involving this section of Rule 15, the Supreme Court recently handed down *Krupski v. Costa Crociere*, 130 S.Ct. 2485 (2010). In addressing subsection (ii), it stated that the primary inquiry is "what the prospective defendant knew or should have known during the Rule 4(m) period, not what the plaintiff knew or should have known at the time of filing her original complaint." *Id*. at 2493 (emphasis omitted). The Court continued its description of subsection (ii) with the following: "[w]hen the original complaint and the plaintiff's conduct compel the conclusion that the failure to name the prospective defendant in the original complaint was the result of a fully informed decision as opposed to a mistake concerning the proper defendant's identity, the requirements of Rule 15(c)(1)(C)(ii) are not met." *Id*. at 2496.

Defendants claim that when considering the information at Plaintiffs' fingertips immediately after the incident, it was only natural for the PPD Defendants to conclude that they had not been named in the initial complaint as a result of the Plaintiffs' strategy. The Court agrees for two reasons. First, it is altogether unclear why the PPD Defendants went unnamed when it is evident that Plaintiffs knew exactly who participated in the search on their residence as early as December of 2009. It is undisputed that the identities of the PPD Defendants were disclosed in the Investigation's report and the operations order some four months before this action was filed. DN 14-1 at 8-9, 14-22. Plaintiffs' could have offered a reasoned argument in support of subsection (ii)'s requirements, demonstrating their collective mistake in omitting the

PPD Defendants from the complaint; instead their response is conspicuously silent on the matter. Absent an explanation by Plaintiffs, the Court is left to speculate why they would choose to bring action against John Does when they were already in possession of the PPD Defendants' identities. Second, combing the *Krupski* holding with Plaintiff's burden in showing the merits of this motion, Plaintiffs must demonstrate that the PPD Defendants knew or should have known of their mistake or error. They have failed in this endeavor. The response does not address why the PPD Defendants were not included in the original complaint or how they were suppose to know that this was the result of a mistake on Plaintiffs' part. The lack of an articulated foundation supporting Plaintiffs' position persuades the Court that this motion is proper.

Even ignoring this finding, the Sixth Circuit has specifically forbidden what Plaintiffs' are attempting to achieve: changing named parties for John Doe defendants through Rule 15 after the tolling to the statute limitations. In *Cox v. Treadway*, this circuit concluded that "precedent clearly holds that new parties may not be added after the statute of limitations has run, and that such amendments do not satisfy the 'mistaken identity' requirement of [Rule 15(c)]." 75 F.3d 230, 240 (6th Cir. 1996). It has also held that "substituting a named defendant for a 'John Doe' defendant is considered a change in parties, not a mere substitution of parties." *Id*. Applying *Cox* to the instant matter, replacing the John Does with the names of the PPD Defendants does not constitute a mistake in identity as envisioned under Rule 15(c) jurisprudence; thus, the Amended Complaint does not relate back to the original filing date. This Court has relied upon *Cox*'s language several times in denying a plaintiff's attempts to substitute named parties for John Does after the statute of limitations had tolled. *See e.g.*, *Gordon v. Jones*, No. 3:08CV-P460, 2011 WL 590316, at *2-3 (W.D. Ky. Feb. 10, 2011); *Heath v. Brown*, No.

3:08-CV-248, 2010 WL 3239035, at *4 (W.D. Ky. Aug. 16, 2010); *Hall v. Warren Cnty. Reg'l Jail*, No. 1:09-CV-00098, 2010 WL 231740, at *3 (W.D. Ky. Jan. 14, 2010).  As this precedent seemingly controls the instant matter, Defendants' motion to strike Plaintiffs' amended complaint is well taken.

## CONCLUSION

In conclusion, Defendants' motion is proper for the following reasons: (1) Plaintiffs have failed to show that the PPD officers knew or should have known that they had not been included in the litigation but for a mistake on Plaintiffs' account and (2) the legal precedent set forth in *Cox v. Treadway* prohibits Rule 15 amendments under these circumstances.

Accordingly, IT IS HEREBY ORDERED that Defendants' Motion to Strike Plaintiffs' amended complaint (DN 12) is GRANTED.  The clerk of court is directed to strike the parties added by Plaintiffs' Amended Complaint (DN 18).  This action continues against Defendants Brian Laird and the City of Paducah.